WALTERHOUSE *v.* WALTERHOUSE.

[ Two Cases.]

1. DEEDS—WRONGFUL DESTRUCTION—CONTENTS.
    In a suit to restore a deed purposely destroyed by the defend-
    ant, the complainant will not be required to make strict and
    technical proof of its contents, but will be aided by presump-
    tions.

2. EVIDENCE—OTHER SUIT—PARTIES.
    In a suit by complainant as next friend for minors, defend-
    ants cannot introduce the testimony of a witness taken in
    another suit between themselves and the complainant, but in
    which the minors were not parties.

3. APPEAL—QUESTIONS OF FACT.
    The most important question in this case is one of fact, in
    which the court concurs in the finding of the circuit judge.

Appeals from Clinton; Stone, J.  Submitted February
19, 1902.  (Docket No. 90.)  Decided March 18, 1902.

Bills by Charlotte E. Walterhouse and Myrtle V. Wal-
terhouse, infants, by Sylvia E. Walton, their next friend,
against Frank Walterhouse, Elmer Walterhouse, and
others, to restore a deed.  From decrees for complainants,
defendants appeal.  Affirmed.

*Norton & Dooling,* for complainants.

*J. C. Flynn* and *Lyon & Moinet,* for defendants.

HOOKER, C. J.  These are companion cases, and were
heard as one.  The two complainants were the infant
daughters of George Walterhouse, deceased.  Frank was
his son, and Sylvia E. Walton, the next friend of the
complainants, was the widow of George Walterhouse.
The complainants allege that on March 16, 1895, George
Walterhouse executed a deed, in which he conveyed to

Myrtle 20 acres of land, and to Charlotte 40 acres; that the same was acknowledged before a magistrate named Bates, to whom it was given, with directions to deliver it after the grantor's death. He died on April 14, 1896. The deed was subject to a life estate in his widow, created at the same time by another paper, also left with Bates. The bills charge that the deed was delivered to the widow after the death of her husband, and that it came to the possession of the complainants' brother Frank, who was incensed at the disposition of the property, and destroyed or concealed it. The bills pray for its restoration. Counsel for defendants raise three questions: (1) That there was no valid delivery of the deed; (2) that, if any one destroyed the deed, it was Frank's mother, and not himself; (3) that the evidence is not sufficient to show that a deed was made.

Taking these questions in the inverse order, we may say that we have no doubt of the soundness of the grantor's mind. The secondary evidence of the contents of the deed is somewhat indefinite and technically incomplete, but it may be helped by the application of the maxim, "*Omnia præsumuntur in odium spoliatoris.*" See *In re Lambie's Estate*, 97 Mich. 55 (56 N. W. 225). This involves the second question, and leads us to say at this point that we find Frank Walterhouse responsible for the destruction or suppression of the deed.

It remains to discuss the question of delivery. It is contended by the defendants that, if the deed was made at all, it, with other papers, was given by the grantor to Bates, the scrivener, with instructions that if he, the grantor, should get up again, and want the papers, he should have them, and, if he died, they were to be given to his wife. This is said to have been, in substance, a delivery subject to the right of recall; a deposit with Bates, to be delivered after the grantor's death, not unconditionally, but if the grantor should not direct otherwise. It is contended by the defendants that this is not a valid delivery in escrow, and that it conveyed no title. Complainants' counsel con-

tend, on the other hand, that under the rule as it exists in this State there was a continuing delivery, which became valid and related back when the grantor died without exercising the reserved right to recall the deed; and the case of *Thatcher* v. *Wardens, etc., of St. Andrew's Church,* 37 Mich. 264, is cited as the first enunciation of that doctrine in this State.

The only testimony which tends to show the directions given by the intestate to Bates was the stenographic minutes of testimony given by Bates in a replevin case between Sylvia E. Walton and Frank Walterhouse over some property presumably claimed by the former under one of the papers confided to Bates' care. Neither of the minors was a party, nor was Elmer Walterhouse. Elmer did not object to the introduction of this testimony, but counsel for the minors did object, and, as they had no opportunity for cross-examination on the trial of the replevin case, not being parties, the testimony offered was not admissible, under the general rules applicable in such cases, unless the fact that their next friend was a party in interest in that suit affects the question. · She is but a nominal party here, and the rights of the minors are not affected by the fact that she was a party to the former case, and in fact called Bates as a witness for herself. See 1 Greenl. Ev. (16th Ed.) §§ 163, 163*a*, and Appendix 2, § 164; Jones, Ev. § 341. The complainants insist that this testimony of Bates should be disregarded, and that there is no evidence in the case of any reservation of a right to recall the deed, and that there is evidence in the case from which a valid delivery in escrow may be inferred; and that, even if there were not, the fact that the deed was delivered to the widow raises a presumption of a valid delivery, and imposes upon the defendants the burden of proof.

The learned circuit judge, who saw and heard the witnesses, was of the opinion that there was testimony tending to show something more than a mere leaving of these papers with Bates as agent for the intestate, and that it

justified the inference that they were given to him with a view to a final disposition of this property, and not subject to recall. In this we concur, and think that the conduct of all the parties was consistent with that understanding. It therefore becomes unimportant to discuss the legal question growing out of the alleged reservation by the intestate of the right to recall the deed.

The land conveyed consisted of 60 acres, and the circuit judge found that the 40-acre parcel, conveyed to Charlotte, was a homestead, and that the deed was void to the extent of a legal homestead, but valid as to the excess, if the value exceeded $1,500. He entered a decree restoring the deed, and provided for a reference to set off a homestead from Charlotte's parcel. The defendants do not complain of this portion of the decree, and complainants have not appealed.

The decree of the circuit court is affirmed, with costs of this court against defendants personally, except the minor defendants, Myrtle and Charlotte, in the respective cases.

MOORE, GRANT, and MONTGOMERY, JJ., concurred. LONG, J., did not sit.